IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

HENRY OWENS,

        Plaintiff

VS.

WARDEN WALKER,

        Defendant

NO. 5:07-CV-345 (HL)

## ORDER

Plaintiff **HENRY OWENS**, an inmate at Augusta State Medical Prison in Grovetown, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff has not paid the required $350.00 filing fee; nor has he requested to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). However, because plaintiff has not paid the filing fee, the Court assumes he wishes to proceed *in forma pauperis*.

The Prison Litigation Reform Act provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)

The Eleventh Circuit has concluded that §1915(g) does not violate the following: The doctrine of separation of powers; an inmate's right of access to the courts; an inmate's right

to due process of law; or an inmate's right to equal protection. Accordingly, the Eleventh Circuit has upheld the constitutionality of §1915(g). ***Rivera v. Allin***, 144 F.3d 719, 721-27 (11th Cir. 1998).

A review of court records reveals that plaintiff has brought numerous civil actions with federal courts in the State of Georgia while incarcerated. At present, at least eight of these complaints or appeals were dismissed as frivolous pursuant to 28 U.S.C. § 1915. ***See Owens v. Jones,*** 5:99-cv-119 (11th Cir. Nov. 2, 2001); ***Owens v. Johnson,*** 5:99-cv-227 (M.D. Ga. May 26, 2000); ***Owens v. State of Georgia***, 1:93-cv-95 (S.D. Ga. Nov. 2, 1993); ***Owens v. Collins***, 6:93-cv-104 (S.D. Ga. Oct. 5, 1993); ***Owens v. Thomas***, 6:93-cv-30 (S.D. Ga. Apr. 12, 1993); ***Owens v. Byrd***, 6:92-cv-138 (S.D. Ga. Dec. 10, 1992); ***Owens v. McRae***, 6:92-cv-144 (S.D. Ga. Nov. 16, 1992); and ***Owens v. Thomas***, 6:92-cv-140 (S.D. Ga. Nov. 10, 1992).

Because plaintiff has had at least eight (8) prior dismissals, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of § 1915(g). Plaintiff alleges the his maximum release date has passed and he should have been released from prison on August 16, 2007. Plaintiff states that he is being "held in prison without a sentence."[1] This in no way shows "imminent danger of serious physical injury"

Because plaintiff has had at least eight prior dismissals due to frivolity and is not under imminent danger of serious injury, he may not proceed in forma pauperis and the

---

[1] The website for the Georgia Department of Corrections shows that plaintiff's "max possible release date" is November 12, 2008 and "N/A" is shown for "tentative parole month."

instant action is **DISMISSED** without prejudice. If plaintiff wishes to bring a new civil rights action, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint.[2]

**SO ORDERED,** this 26th day of September, 2007.

                                                  *s/ Hugh Lawson*
                                                  HUGH LAWSON, JUDGE
                                                  UNITED STATES DISTRICT COURT

lnb

---

[2] In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Ciruit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status, he must pay the filing fee at the time he initiates the suit.